IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| HARDIN COUNTY SAVINGS BANK, WALWORTH STATE BANK, EITZEN STATE BANK, NORTHERN NATIONAL BANK, KINDRED STATE BANK and FIRST NATIONAL BANK, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BRAINERD, HOUSING AND REDEVELOPMENT AUTHORITY OF THE CITY OF BRAINERD, MARGARET TIPLADY, ALONA MILLER, DOUG GROUT, DOUGHERTY & COMPANY, LLC, JOHN MACDONALD, THOMAS WILDER and JAMES H. BEDARD, INC., <br><br> Defendants. | No. C08-0038 <br><br> ORDER REGARDING DISCOVERY |

This matter comes before the Court on the Motion to Direct Defendants to Respond to Discovery Requests (docket number 48) filed by the Plaintiffs on July 10, 2008; the Resistances (docket numbers 59, 60, 61, and 62) filed by the Defendants on July 28, 2008; and the Reply (docket number 63) filed by the Plaintiffs on July 31, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

*I. BACKGROUND*

On April 18, 2008, Plaintiffs filed a Complaint (docket number 1) consisting of 24 counts, alleging violations of the Securities Exchange Act of 1934, Minnesota and Iowa

1

statutory violations, and violations of state common law. According to the instant motion, on May 2, 2008 Defendants were served with the Complaint; and with interrogatories and requests for production of documents.[1] Defendants have filed motions to dismiss, or in the alternative, for change of venue.[2] Those motions are currently pending. Defendants have not responded to the discovery requests. On July 10, 2008, Plaintiffs filed the instant motion, asking the Court to enter an order requiring Defendants to respond to the discovery requests within 30 days.

## II. DISCUSSION

### A. *Failure to Confer*

Defendants first argue that Plaintiffs failed to confer with opposing counsel "in an attempt to resolve or narrow by agreement the issues raised by the motion," as required by Local Rule 37.a.1 and FEDERAL RULE OF CIVIL PROCEDURE 37(a)(1). Plaintiffs concede that they did not discuss these issues with opposing counsel, but argue that Rule 37 is inapplicable because "Plaintiffs' Motion is not a motion to compel, but rather seeks <u>permission</u> from the court simply to <u>conduct</u> discovery pursuant to Section 78u-4(b)(3)(B)."[3] (emphasis in original) That is, Plaintiffs claim that "Plaintiffs' Motion did not seek to compel a response, but simply sought permission to propound discovery."[4] A review of Plaintiffs' motion reflects, however, that it simply isn't so.

The motion is captioned as a "motion to direct defendants to respond to discovery requests." It is not a "motion for permission to conduct discovery." Plaintiffs do not request permission from the Court to conduct discovery or propound discovery requests. Plaintiffs request that the Court "require such discovery responses to be served within 30

---

[1] *See, e.g.*, dockets numbers 59-2, 61-2, 62-3, and 62-4.

[2] *See* docket numbers 34, 36, 37, and 38.

[3] *See* Plaintiffs' Reply (docket number 63) at 3.

[4] *See Id.* at 4-5.

days."[5] In their prayer, Plaintiffs ask that "the Court enter an Order for the service of discovery within 30 days."[6] Under any reasonable interpretation, Plaintiffs' motion is a motion "[t]o compel discovery responses when no responses have been made." *See* Local Rule 7.d.5. Accordingly, Plaintiffs were required to comply with Local Rule 37. *Id.*

Even if the Court draws a distinction between being "required" to respond to discovery and being "compelled" to respond to discovery, Plaintiffs' motion still fails to comply with Local Rule 7.*l*, which requires that "[a]ll non-dispositive motions must contain a representation that counsel for the moving party has conferred in good faith with counsel for all other parties and any pro se parties concerning the motion, and a statement of whether or not the others parties consent to the motion." As set forth below, this case illustrates the wisdom of requiring parties to confer before filing a motion.

### B. Statutory Stay of Discovery

Plaintiffs concede that the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") are applicable to this case. Of particular interest to the instant motion is a provision which generally stays discovery while a motion to dismiss is pending.

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

It is undisputed that Defendants' motions to dismiss are pending. Accordingly, discovery is stayed unless the Court finds that "particularized discovery" is necessary to "preserve evidence" or to "prevent undue prejudice." In their Reply, Plaintiffs concede

---

[5] *See* Plaintiffs' Motion to Direct Defendants to Respond to Discovery Requests (docket number 48), ¶ 5 at 2.

[6] *See Id.* at 2.

3

that "the barrier is admittedly high under the PSLRA."[7] Plaintiffs argue, however, that they are seeking "particularized discovery" and that failure to grant discovery will result in "undue prejudice."

Plaintiffs submitted 12 interrogatories and 28 requests for production of documents to be answered by Defendant James H. Bedard, Inc.[8] Plaintiffs submitted 13 interrogatories and 32 requests for production of documents to be answered by Defendant Dougherty & Company LLC.[9] Plaintiffs submitted 11 interrogatories and 28 requests for production of documents to be answered by Defendant City of Brainerd.[10] The record is imprecise regarding the discovery requests submitted to the remaining Defendants.

In its instant "Motion to Direct Defendants to Respond to Discovery Requests," Plaintiffs refer generally to the "Requests for Production of Documents and Interrogatories [which] were served with the Complaint on May 2, 2008 that sought specific information from each defendant."[11] Plaintiffs ask the Court to order responses to the discovery requests within 30 days. The motion makes no effort to limit the discovery in any way. In their Reply, however, Plaintiffs limit their request:

> The Defendants claim the Plaintiffs are seeking broad based discovery responses to all of the interrogatories and requests for documents served. To clarify and to explicitly limit the areas on which Plaintiffs seek discovery, the Plaintiffs only seek responses by the City to Request for Production of Documents No. 10 regarding communications with HRA, Request No. 11 regarding communications with Dougherty and

---

[7] *See* Plaintiffs' Reply (docket number 63) at 4.

[8] *See* docket number 59-2, at 3-27.

[9] *See* docket number 61-2 at 3-28.

[10] *See* docket number 62-3 and 62-4.

[11] *See* Plaintiffs' Motion to Direct Defendants to Respond to Discovery Requests (docket number 48), ¶ 1 at 1.

> Request No. 15 regarding communications with Grout --
> consistent with the categories outlined in the Motion. . . . No
> discovery is sought from HRA, Bedard, Dougherty,
> MacDonald or Wilder as part of the Motion.

Plaintiffs' Reply (docket number 63) at 3. In other words, rather than seeking responses to all requests for production of documents and interrogatories served on each Defendant, Plaintiffs now limit their motion to three requests for production submitted to the City of Brainerd.

While this news is presumably welcomed by all of the remaining Defendants, it comes too late to avoid the substantial effort which was put into filing multiple resistances. If Plaintiffs' counsel had first conferred with Defendants' counsel, as required by the rules, the issues could have been narrowed and only the City of Brainerd would have been required to file a response. That is, if Plaintiffs' counsel had alerted Defendants that "[n]o discovery is sought from HRA, Bedard, Dougherty, MacDonald or Wilder as part of this Motion," then it would have been unnecessary for James H. Bedard, Inc., Brainerd Housing and Redevelopment Authority, Alma Miller, Margaret Tiplady, Doug Grout, Dougherty & Company, LLC, John MacDonald, and Thomas Wilder to file their three separate resistances. In addition, the City of Brainerd could have focused its argument on Requests for Production Numbers 10, 11, and 15, as now urged by Plaintiffs.

### C. Summary

The Court concludes that in failing to confer with opposing counsel prior to filing their motion, Plaintiffs failed to comply with Local Rule 37.a, or alternatively, Local Rule 7.l. While Plaintiffs in their reply have limited their discovery request to the City of Brainerd, their failure to confer with opposing counsel prior to filing their motion has resulted in additional effort and expense by the other Defendants. In addition, the City of Brainerd has been prejudiced by not having an opportunity to respond directly to the limited discovery now sought by Plaintiffs. Therefore, the Court concludes that the motion should be denied as a consequence of Plaintiffs' failure to comply with the local rules.

## III. ORDER

IT IS THEREFORE ORDERED that the Motion to Direct Defendants to Respond to Discovery Requests (docket number 48) filed by Plaintiffs is hereby **DENIED**.

DATED this 26th day of August, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA